UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES TIPTON, MIGUEL A. PINERO, JR., JOSE M. VALDEZ, JR., CARL E. NEPIER, FRANK KIWAN, and KYLE I. FULGHUM, On behalf of themselves and all other persons similarly situated known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>CHICAGO AUTOMOTIVE GROUP, INC., an Illinois Corporation and MIKE BEYDOUN, Individually,<br><br>Defendants. | No. 11 C 7461 |

**MEMORANDUM ORDER**

Chicago Automotive Group, Inc. ("Chicago Automotive") and Mike Beydoun ("Beydoun") have belatedly delivered to this Court's chambers a copy of their alternative motion (1) to dismiss the Complaint or (2) for a more definite statement, together with a notice of presentment of that motion on April 13 (the previously-set status hearing date). Although counsel's failure to have made a prompt delivery of the Judge's Copy of the motion and their setting of a presentment date so far out both violate this District Court's local rules, this Court will ignore those procedural hiccups by out-of-state defense counsel.[1]

But in terms of the motion itself, the grounds advanced by Chicago Automotive and Beydoun are unpersuasive. Hence the

---

[1] Counsel are advised, however, that from here on out they ought to familiarize themselves with this District Court's LRs.

motion must be denied out of hand, with Chicago Automotive and Beydoun being ordered to answer the Complaint promptly.

Every federal practitioner ought to be aware of the quite undemanding requirements of Fed. R. Civ. P. ("Rule") 8(a)(2), even in the current post-<u>Twombly-Iqbal</u> era. What the Complaint here advances as plaintiffs' effort to invoke the federal Fair Labor Standards Act and related Illinois statutes amply satisfies the notice pleading approach that governs federal practice. Rule 12(b)(6) certainly does not call for the evidentiary type of pleading that defense counsel appear to prefer. And as for the other aspect of the motion, under which defense counsel seek greater particularity, the discovery provisions of the Rules rather than Rule 12(b)(6) and Rule 12(e) provide the source of relief.

In sum, both alternative facets of the motion are denied. With the motion thus dismissed, Chicago Automotive and Beydoun are ordered to file their joint answer to the Complaint on or before April 12, and they are also ordered to transmit the Judge's Copy of that pleading to this Court's chambers. Further proceedings in the case will be discussed at the April 13 status hearing.

                                           _____
                                           Milton I. Shadur
                                           Senior United States District Judge

Date: March 29, 2012