IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES TIPTON, et al.,           )
                                  )
            Plaintiffs,           )
                                  )
    v.                            )   No.  11 C 7461
                                  )
CHICAGO AUTOMOTIVE GROUP, INC.,   )
et al.,                           )
                                  )
            Defendants.           )

MEMORANDUM ORDER

Counsel for defendant Chicago Automotive Group, Inc. ("Chicago Automotive") and Mike Beydoun ("Beydoun") got off on the wrong foot when they (to quote this Court's brief March 29 memorandum order ["Order"]) "belatedly delivered to this Court's chambers a copy of their alternative motion (1) to dismiss the Complaint or (2) for a more definite statement, together with a notice of presentment of that motion on April 13 (the previously-set status hearing date)."[1] Because defense counsel were substantively deficient as well, because neither of their asserted grounds for the motion survived scrutiny, Chicago Automotive and Beydoun were ordered to answer the Complaint.

Now the same lawyers have filed such an Answer, together with some affirmative defenses ("ADs")--and regrettably, they

---

[1] One correction is called for in the just-quoted language: It mistakenly referred to the April 13 presentment date as "the previously set status hearing date." Not so--that status hearing was (and is) set for May 4, so that the Order's reference to April 13 should be disregarded.

have done no better.  This time their pleading is stricken in its entirety, although leave is granted to file a replacement Amended Answer--and perhaps some ADs as well--on or before April 20, 2012.

To begin with, this Court's recognition that defense counsel were Michigan lawyers led it to pass over their violation of certain of the local rules en route to the Order's dealing with the substance of their motion.  But having done so, this Court dropped this n.1 into the Order:

> Counsel are advised, however, that from here on out they ought to familiarize themselves with this District Court's LRs.

Yet counsel's current effort failed to conform to the directive of LR 10,[2] an error that must be cured the next time around.

But more disturbingly, the Answer is chock-full of denials on the impermissible basis that allegations of the Complaint "call[ ] for a legal conclusion" (Answer ¶¶2, 5, 7 through 11, 13, 17 and 19-24).  In that respect, see App'x ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278-79 (N.D. Ill. 2001).  Given defense counsel's distorted notion of federal

---

[2] In that respect, local counsel uniformly follow the simple practice of repeating a paragraph of the complaint verbatim, followed by the answer to what the complaint has alleged in that paragraph.  That serves the obvious goal of permitting the reader to see from a single self-contained pleading just which matters are and which are not placed in issue between the litigants, rather than having to go back and forth between documents for that purpose.

pleading and its notice-pleading approach, which is incumbent on defendants as well as on plaintiffs, it is nothing short of outrageous for counsel to label this lawsuit as "frivolous" and to seek the imposition of costs and attorney's fees as the price for Chicago Automotive and Beydoun having to defend the litigation.

Nor is it a fair criticism for defense counsel to criticize plaintiffs' counsel for the Complaint's collective use of "Defendants." Any objective reader of the Complaint (as defense counsel are not) would recognize the source of that usage from the explanation in Complaint ¶¶5 through 7. If Beydoun is indeed an "employer" for statutory purposes, as the Complaint alleges, he is jointly and severally liable with Chicago Automotive.

Lastly in terms of the Answer, any purported inability to answer Complaint ¶¶14 through 17 is rejected. No such quibble will be accepted on defense counsel's next return to the drawing board.

As for defense counsel's separately-stated laundry list of purported ADs, many of them are totally at odds with the fundamental concept embodied in Fed. R. Civ. P. 8(c) and the caselaw applying it--see also App'x ¶5 to State Farm. This Court will not do counsel's job for them by any detailed parsing of that laundry list. Instead all the ADs are stricken, and to the extent that Chicago Automotive and Beydoun may have any that they

believe pass muster, they must be fleshed out so that plaintiffs' counsel and this Court are apprised of their nature through appropriate notice pleading.[3]

In candor, it has been an imposition on this Court to require the writing of an order such as this one. Just what sanction is appropriate for such a botch of several basic principles of pleading? In this instance this Court has concluded that defense counsel should be required:

1. not to charge their clients for the time spent and expenses incurred in their aborted efforts at pleading up to this point;

2. to send copies of the Order and of this memorandum order to the clients, together with counsel's forwarding letter apprising the clients of the directive set out in the preceding paragraph; and

3. to send a copy of that forwarding letter to this Court's chambers--for informational purposes only, not for inclusion in the court filings.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 11, 2012

---

[3] Parenthetically, defense counsel's assertion of such ADs as "unclean hands" and "the doctrine of equitable estoppel" is extraordinarily ironic in light of the same counsel's stated allergy to pleading legal conclusions.

4