```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

| | |
|---|---|
| CHARLES TIPTON, et al., | ) |
|       Plaintiffs, | ) ) ) |
|   v. | )   No. 11 C 7461 |
| CHICAGO AUTOMOTIVE GROUP, INC., et al., | ) ) ) |
|       Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Six tow truck drivers have joined in a putative class action against Chicago Automotive Group, Inc. ("Chicago Automotive") and its owner Mike Beydoun ("Beydoun"), charging both with violations of the Fair Labor Standards Act ("Act"). Defendants have responded with a Fed. R. Civ. P. ("Rule") 56 motion for summary judgment, seeking to invoke the Act's motor carrier exemption (29 U.S.C. §213(b)(1)), an issue as to which a motor carrier such as Chicago Automotive has the burden to show that an employee is exempt (Johnson v. Hix Wrecker Serv., Inc., 651 F.3d 658, 660-61 (7th Cir. 2011)).

On that score defendants' memorandum in support of the Rule 56 motion asserts that there is "100% certainty that every single driver who has worked for CAG [Chicago Automotive]...has made at least one tow across state lines." But what the name plaintiffs have done in response to the Rule 56 motion, in addition to urging that its supporting materials (Exs. A, B and C) are unauthenticated hearsay, is to tender affidavits from four

of their number who swear that they have <u>never</u> done any interstate tows--that all the towing services they have performed on behalf of Chicago Automotive have been purely intrastate (here in Illinois).[1]

So much for defendants' "100% certainty"--remember that those and the other affidavits submitted by plaintiffs[2] must be credited for Rule 56 purposes, and they put the lie to defendants' position. At this point this Court is not called on to determine which side has it right--it suffices that their conflicting assertions plainly create a genuine issue of material fact that compels the denial of the Rule 56 motion as to Chicago Automotive. This Court so orders.

As for Beydoun's position as an "employer" vel non for purposes of the Act, the parties' submissions do not reflect the same polarity as those on the motor carrier exemption question. That resolution has been based on direct evidence (affidavits of the drivers who flatly negate their involvement in interstate commerce), while on the "employer" question the analysis must perforce be based on the drawing of inferences.

On that score plaintiffs seek to counter Beydoun's affidavit

---

[1] Two other affidavits--one from a named plaintiff--assert that the overwhelming majority of their towing services on Chicago Automotive's behalf were also restricted to the state of Illinois.

[2] Those other affidavits counter other aspects of defendants' contentions.

2

that downplays his day-to-day responsibilities[3] with a couple of snippets that evidence hands-on control by Chicago Automotive's Owner and President Beydoun.

Although the question may be close when all of the evidence is submitted to be weighed, such weighing is not for the judge on a Rule 56 motion. Instead the determination must be made by the factfinder. Hence this facet of the Rule 56 motion must be denied as well.

In accordance with this Court's usual practice where contested motions are involved, it has scheduled a status hearing after the due date of the responsive memorandum to discuss the need or lack of need for a reply memorandum by the movant. Where such a contested motion seeks summary judgment, of course, once the figurative eggs have been scrambled by the opposing party's identification of one or more genuine issues of material fact, those scrambled eggs cannot be stuffed back into the figurative eggshell. With the Rule 56 motion thus having been denied, the previously-set October 2 status hearing will be devoted to a discussion of the procedures and timing for moving the case

---

[3] Defendants also proffer statements by Ivan Delgado and Ali Beydoun stating that they "had free reign [sic] to run CAG as {they} saw fit for the entire period that [they] were managers." Apart from proving that the drafters of those statements would be knocked out in an early round of any spelling bee (unless the use of "reign" was a deliberate malapropism), those conclusory statements do not carry the day in summary judgment terms for the reason next stated in the text.

forward.

                                                                                        _____
                                                                                        Milton I. Shadur
                                                                                        Senior United States District Judge

Date:  October 1, 2012